IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JMAR M. HENDERSON, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| G. MAY, et al., | : | No. 16-CV-5004 |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

Richard A. Lloret May 31, 2017
U.S. Magistrate Judge

 Before me is Petitioner Jmar Henderson's Petition for Habeas Corpus, filed on September 19, 2016, pursuant to 28 U.S.C. §2241. Henderson alleged in his petition that his first trial ended in a hung jury, and he was then held in jail despite being granted house arrest in this matter because of another case. Doc. 1, p. 8. He complained that the District Attorney requested a continuance at the next trial listing, violating his right to a speedy trial.[1] *Id.* at p. 9. On February 24, 2017, however, Henderson entered into a negotiated guilty plea in the Court of Common Pleas, and was sentenced to two to four years' incarceration, followed by five years of reporting probation, to run concurrent to any other sentences he is currently serving. *See* Cr. Docket No. CP-51-CR-0010071-2012, Court of Common Pleas of Philadelphia County, at pp 1, 6,-7, 27. (hereafter "Dkt.") Because Henderson's guilty plea bars constitutional claims arising prior to the plea, I respectfully recommend that his petition be dismissed with prejudice.

---

[1] This appears from the record to be incorrect. The Docket shows that on August 22, 2016, the defense requested a continuance in order to conduct further investigation, while the Commonwealth indicated it was ready for trial. *See* Doc, 1, p. 9; Doc. 8, p. 28. A copy of the Commonwealth Docket is attached as "Appendix A" to this Report and Recommendation, for ease of reference.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Henderson was formally arraigned on the charges in his state criminal proceeding on September 12, 2012, Dkt. 2, having been formally charged in an information filed September 7, 2012. Dkt. 5, 9. On October 16, 2012, the court granted a defense motion for continuance. Dkt. 11. A second motion for continuance was granted on November 13, 2012, with a notation that an offer was made and rejected, and discovery was not yet complete. *Id.* On December 6, 2012, trial was scheduled for October 23, 2013. Dkt. 12. The petitioner hired private counsel in February 2013, who was unavailable for trial on the scheduled date. Dkt. 13, 14.

After several further continuances, Dkt. 15-18, a jury was impaneled on July 15, 2015. Dkt. 20. On July 17, 2015, the trial court declared a mistrial after the jury was unable to reach a verdict. Dkt. 5, 22. On August 6, 2015, the trial judge continued the trial date, and the docket indicates a new offer was conveyed and rejected and a "defense counter offer is continued." Bail was modified and the matter was listed for a status hearing on August 27, 2015. Dkt. 23. At the status hearing on August 27, 2015, the court granted a motion for continuance, the docket does not indicate whether the Commonwealth or the defense requested the continuance, but states, "Defense request late date." Dkt. 24. The court did so, setting the next court date for August 22, 2016, almost a full year later. *Id.*

The docket listing for August 22, 2016 states, "Advance defense request, defense needs further investigation Commonwealth ready on call." It then lists several dates for trial that the Commonwealth could not accommodate, then lists February 21, 2017 as "good for both counsel." Dkt. 25. Several motions were filed, apparently by the petitioner *pro se*, including two motions titled "motion and demand for speedy trial," a

2

"motion to dismiss," and "motion to dismiss pursuant to Rule 600," on September 9, 2016, December 30, 2016, January 3, 2017, and January 17, 2017, respectively. Dkt. 26. It appears all of the motions were denied on February 21, 2017, the date originally scheduled for trial. Dkt. 27. Three days later, the petitioner pled guilty and was sentenced. *Id.*

On September 19, 2016, prior to his guilty plea, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. He claims his speedy trial rights were violated because he has "been incarcerated over 4 years, I had a hung jury a year ago, my next trial date was a year later which the DA postponed because they were not ready on 8/22/16." *Id.* at p. 9. He claims two Fourteenth Amendment Due Process violations, first, because the trial judge refused to lift a detainer, allowing him to be released on bail, and second, because the Commonwealth "had over a year after 1st hung jury to be ready for another trial, yet they postponed 4 [sic] another 7 months still." *Id.* Last, he claims double jeopardy because the Commonwealth chose to retry him after the hung jury "with lack of evidence." *Id.* at pp. 9-10.

This matter was referred to me on December 14, 2016 for review. On February 7, 2017, I entered an order directing the Commonwealth of Pennsylvania to file a motion to dismiss on or before February 21, 2017, if they believed such a motion was appropriate, and if they believed a motion to dismiss was not appropriate, to file by the same date a response explaining why dismissal without prejudice is inappropriate in this case. I granted a motion for extension of time to respond on March 8, 2017, providing the Commonwealth an extension through March 23, 2017. On March 20, 2017, the District Attorney filed its response, arguing that the petition should be dismissed with prejudice,

3

because the petitioner pled guilty to the charges on February 24, 2017, barring his claims.

## **DISCUSSION**

The Supreme Court long ago clarified the type of challenges that may be made in a federal habeas proceeding after a counseled guilty plea to crimes in state court. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).[2]

The right to a speedy trial is one such independent claim relating to the deprivation of a constitutional right. The Third Circuit has noted that "[i]t is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (citing to *Woodward v. United States*, 426 F.2d 959, 964 (3d Cir. 1970); *Abram v. United States*, 398 F.2d 350 (3d Cir. 1968)). "[W]e agree with our sister courts that have concluded that the right to a speedy trial is non-jurisdictional, and is therefore waived by an unconditional and voluntary guilty plea." *Id.* at 166 (Citations omitted).

Henderson's additional claims have no merit. Henderson argues that his due process rights were violated because he should have been released on bail after his first trial ended in a hung jury and his bail was lowered by the trial court. It appears, however, that Henderson had a prior conviction, for which he was still under court

---

[2] *See McMann v. Richardson*, 397 U.S. 759, 770-71 (1970) (a defendant must allege and prove ineffective assistance of counsel in connection with the guilty plea; he cannot directly attack an underlying defect in the proceedings).

4

supervision, which caused the judge in that case to deny bail. Dkt. 23.[3] Such a denial is proper under state law. *See Commonwealth v. McDermott*, 547 A.2d 1236, 1244 (Pa. Super. 1988).

The denial of bail post-conviction does not amount to a federal constitutional violation, and so is not cognizable on habeas review. *See Hamilton v. State of New Mexico*, 479 F.2d 343 (10th Cir. 1973) ("Federal courts do not sit as appellate courts to review the use or abuse of discretion of state courts in granting or withholding bail pending final appeal. And, generally, denial of bail is not an available basis for seeking post-conviction relief." (citations omitted)). Here, while Henderson was not yet convicted on the pending charges, his bail was denied because of an earlier conviction. Although Henderson did not raise an Eighth Amendment excessiveness argument, which would be cognizable on federal habeas review, *see Sistrunk v. Lyons*, 646 F.2d 64, 72 (3d Cir. 1981), under the circumstances here, Henderson would not be entitled to relief. *Id.* at 73. ("While we are fully cognizant of the independent review role of the federal courts when a petition for habeas is filed, we see no reason to disrupt the state criminal system needlessly if a plausible reading can be placed on state proceedings." (footnote omitted)).

---

[3] Henderson's court summary shows convictions for possession with intent to distribute narcotics in 2004, (for which he received a three to five year sentence); simple possession of narcotics in 1999 (six to 12 month sentence); possession with intent to distribute narcotics in 1999 and 2000 (combined for an 11 ½ to 23 month sentence); simple assault in 2000 (two years' probation); robbery in 1996 (15 to 30 month sentence); and a separate arrest and conviction for possession with intent to distribute narcotics in 2000 for which he received a minimum sentence of ten years' probation. Based upon Henderson's complaint that "due to a drug conviction dated back to 2000, Judge R.A. Means refuse[d] to lift the detainer," Doc. 1, p. 9, it appears this 2000 conviction, in which Judge Means sentenced Henderson to ten years' probation, may have been the impetus for the denial of bail.

Henderson's next claim, that the Commonwealth requested a continuance after having a year to prepare for retrial, is factually incorrect. Defense counsel requested the continuance on August 22, 2016. Dkt. 25. Finally, Henderson's right not to be twice placed in jeopardy was not violated by the Commonwealth's decision to retry him after the first jury could not reach a verdict, regardless of his opinion of the strength of the evidence against him. *Richardson v. United States*, 468 U.S. 317, 326 (1984) ("The government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.")

Accordingly, I respectfully recommend that the petition be denied with prejudice as all of the petitioner's claims are non-cognizable as a result of his guilty plea.

BY THE COURT:


  *s/Richard A Lloret*
HON. RICHARD A. LLORET
U.S. Magistrate Judge