IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JMAR M. HENDERSON, :
:
         Petitioner, : CIVIL ACTION NO. 16-5004
:
v. :
:
G. MAY, et al., :
:
         Respondents. :

## ORDER

**AND NOW**, this 15th day of June, 2017, after considering the petition for writ of habeas corpus (Doc. No. 1), the respondents' response thereto (Doc. No. 8), the state-court record, and United States Magistrate Judge Richard A. Lloret's report and recommendation (Doc. No. 9); and no party having filed timely objections to the report and recommendation;[1] accordingly, it is hereby **ORDERED** as follows:

    1.    The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

    2.    The Honorable Richard A. Lloret's report and recommendation (Doc. No. 9) is **APPROVED** and **ADOPTED**;[2]

---

[1] According to the last address the petitioner provided to the clerk of court, the petitioner is incarcerated at the Curran-Fromhold Correctional Facility, 7901 State Road, Philadelphia, Pennsylvania. On June 9, 2017, however, the U.S. Postal Service returned an envelope containing Judge Lloret's report and recommendation to the clerk of court "for the following reason: Return to sender, at court." *See* Unnumbered docket entry after Doc. No. 9. Upon further investigation, the Curran-Fromhold Correctional Facility informed the court that the petitioner had been released in February of 2017. Thus, while it appears that the petitioner has not received a copy of Judge Lloret's report and recommendation, the petitioner has also failed to notify the clerk of court of his change of address within fourteen days as required by Local Civil Rule 5.1(b). Because a *pro se* litigant's failure to comply with Rule 5.1(b) in itself justifies dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, and because the report and recommendation was served on the petitioner upon the clerk of court mailing it to his last known address, *see* Fed. R. Civ. P. 5(b)(2)(C), the court concludes that the petitioner has failed to file timely objections to the report and recommendation.

[2] Since neither party filed objections to Judge Lloret's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation

3. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

5. The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Lloret's report for plain error and has found none.